UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA KALINCHEVA, M.D., | No. C 13-03212-SI |
| Plaintiff, | **ORDER OF TRANSFER** |
| v. | |
| JESSE NEUBARTH, | |
| Defendant. | |

*Pro se* plaintiff filed this action to enforce the contract created by the "Form I-864," the affidavit of support signed by her immigration sponsor. *See* 8 U.S.C. § 1182(a). Section 213a.2(d), Title 8 of the Code of Federal Regulations states in relevant part that a sponsored immigrant "may seek enforcement of the sponsor's obligations [under the affidavit or support] through an appropriate civil action." This regulation is promulgated under 8 U.S.C. § 1183a, which also expressly creates a private right of action allowing a sponsored immigrant to enforce an affidavit of support. *See* 8 U.S.C. § 1183a(e); *Cobb v. Cobb*, 1:12-CV-00875-LJO, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012).

Upon reviewing the materials filed by plaintiff, the Court concludes that this district is not the proper venue. According to the civil cover sheet, plaintiff resides in Stockton, California, and defendant resides in Bakersfield, California. Thus, both parties reside within the venue of the United States District Court for the Eastern District of California. No defendant is alleged to reside in, and none of the events or omissions giving rise to the complaint occurred in, the Northern District of California.

Venue therefore would be proper in the Eastern District and not in this one. *See* 28 U.S.C. § 1391(b). Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of California. The clerk shall transfer this matter.[1]

**IT IS SO ORDERED.**

Dated: July30, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The Court also defers to the Eastern District to rule on plaintiff's pending application to proceed *in forma pauperis.*

2