UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA KALINCHEVA, M.D., | No. C 13-03212-SI |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| JESSE NEUBARTH, | |
| Defendant. | |

On July 11, 2013, *pro se* plaintiff Magdalina Kalincheva filed this action to enforce the contract created by the "Form I-864," the affidavit of support signed by her immigration sponsor. *See* 8 U.S.C. § 1182(a). On July 30, 2013, the Court transferred plaintiff's action from this District to the Eastern District of California pursuant to 28 U.S.C. § 1406(a). Docket No. 14. On September 10, 2013, plaintiff filed a motion entitled "Ex Parte Motion to Transfer and Reassign All 4 Dockets . . . ." Docket No. 19. In the motion, plaintiff argues that the Court improperly transferred her action to the Eastern District. *Id.* The Court construes the motion as a motion for reconsideration of the Court's prior transfer order.

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'").

1    Plaintiff has not provided the Court with any newly discovered evidence or a change in
2  controlling law. In addition, the Court did not err in transferring plaintiff's action to the Eastern District
3  of California. According to the civil cover sheet, both plaintiff and defendant reside in the Eastern
4  District, *see* Docket No. 1-9, and none of the events or omissions giving rise to the complaint occurred
5  in the Northern District. *See* Compl. Therefore, the Court properly transferred the action to the Eastern
6  District. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1391(b). Accordingly, the Court DENIES plaintiff's
7  motion for reconsideration, Docket No. 19.

8  **IT IS SO ORDERED.**

10 Dated: September 24, 2013

                                                      SUSAN ILLSTON
11                                                     United States District Judge

**United States District Court**
For the Northern District of California